UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00187-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JEMICHAEL LOVELLE STRONG, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count 2 (#15). The government has timely filed its Response (#16) to defendant's motion. Defendant contends that Count Two of the Indictment should be dismissed in light of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015). The issue has now been fully briefed and for the reasons that follow, the court will deny the Motion to Dismiss.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

In the Indictment (#10), the Grand Jury alleges in Count One that on or about July 27, 2015, defendant committed an armed bank robbery, by taking from the person or presence of another, a sum of money belonging to a federally insured bank, "by force, violence and intimidation … and in doing so did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a firearm." Indictment (#10) at Count One. In Count Two, the Grand Jury charges a violation of 18 U.S.C. § 924(c), alleging that defendant used and carried a firearm in furtherance of a crime of violence, specifically the armed bank robbery charged in Count One, and further that the firearm was brandished. Id. at Count Two.

1

**II.      Discussion**

In Johnson, supra, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B), was void for vagueness, making such provision unconstitutional. The ACCA defines the phrase "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause is the underlined phrase at the end of § 924(e)(2)(B)(ii).

While the ACCA is not implicated in this case, language similar to the language the Johnson court determined was unconstitutionally vague is used in a number of statutes and in a number of provisions of the United States Sentencing Guidelines. The ACCA provides a 15 year mandatory minimum sentence for a defendant convicted of three prior "violent crimes," while Section 924(c) – which is implicated in this case -- provides in relevant part mandatory minimum sentences for those who, during and in relation to a "crime of violence" use or carry a firearm, or possesses a firearm in furtherance of such crime. While the phrase "violent crime" is defined under § 924(e)(2)(B), Section 924(c) provides a separate definition for the phrase "crime of violence" as one that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Although not identical to the language used in the residual clause of the ACCA (§ 924(e)(2)(B)(ii)), defendant contends that the language contained in §924(c)(3)(B) is substantially similar and should also be found to be void for vagueness.

Even if the court were to assume that §924(c)(3)(B) suffers from the same constitutional deficiency as does the residual clause in § 924(e)(2)(B)(ii), which the court declines to do as it is unnecessary for the purposes of this decision, defendant argues that armed bank robbery under 18 U.S.C. § 2113(a) does not qualify as a crime of violence under § 924(c)(3)(A) -- known as the "force" or "elements" provision -- because the underlying offense could be satisfied by a showing of "intimidation" rather than "force and violence." Defendant contends that under an objective standard, intimidation fails to satisfy Garcia v. Gonzales, 455 F.3d 465, 478 (4th Cir. 2006), which he contends as requiring an "intentional use" of force. Thus, before taking up the constitutional issue involved in considering § 924(c)(3)(B), the court is obliged to first consider whether the government has charged a viable predicate offense under § 924(c)(3)(A).

First, the court has considered whether the armed bank robbery charged in Count One can meet the force or elements provision of § 924(c)(3)(A). While the court would not go so far as to conclude that the term "intimidation" would always amount to "force and violence," the Court of Appeals for the Fourth Circuit has clearly held that "[a]rmed bank robbery is unquestionably a crime of violence, because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." United States v. Adkins, 937 F.2d 947, 950, n.2 (4th Cir. 1991) (citation omitted). While intimidation could in other contexts be something less than a threat of physical force, such as a threat of revealing a private fact, the Fourth Circuit has already spoken as to what intimidation means in the context of § 2113(a): "[t]he test in this circuit for *intimidation* under § 2113(a) is whether an ordinary person in the teller's position

3

reasonably could infer a threat of *bodily harm* from the defendant's acts." United States v. Woodrup, 86 F.3d 359, 363 (4th Cir. 1996) (citations and corresponding quotation marks deleted; emphasis added). Clearly, defendant's argument as to "intimidation" not meeting the force requirement of §924(c)(3)(A) is without merit.

Second, where a statute "sets out one or more elements of the offense in the alternative," Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281 (June 20, 2013), a "modified categorical approach" is applied, which allows a court to look to certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction. Id. Here, Section 2113(a) is clearly a divisible statute as the language of the statute sets forth one or more elements of the offense in the alternative, as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ….

18 U.S.C. § 2113(a). After the decision in Descamps, the Fourth Circuit held that

> [a] crime is divisible only if it is defined to include "potential offense elements in the alternative," thus rendering "opaque which element played a part in the defendant's conviction." Id. Stated differently, crimes are divisible only if they "set out elements in the alternative and thus create multiple versions of the crime."

Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (citation and footnote omitted). The "force and violence" element is clearly divisible from the "intimidation" element as evidenced by Congress's use of the disjunctive "or." Thus, Section 2113(a) is a divisible statute as to which the modified categorical approach is applicable.

Having determined under Descamps that a modified categorical approach is applicable to the armed bank robbery charged in Count One, the court has reviewed the Indictment, a Shepard[1]

---

[1] Shepard v. United States, 544 U.S. 13, 16 (2005).

approved document. Clearly, if the armed bank robbery charged in this case includes "force and violence," then there is no doubt but that such offense would be well within the definition of "crime of violence" found in § 924(c)(3)(A). The Indictment in this case provides in relevant part as follows:

### COUNT ONE
*(Armed Bank Robbery)*

On or about July 27, 2015, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JEMICHAEL LOVELLE STRONG

knowingly and unlawfully by force, violence and intimidation did take from the person or presence of another, a sum of money belonging to and in the care, custody, control, management, and possession of the First Cit[i]zens Bank branch located at 4325 Randolph Road in Charlotte, North Carolina, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in doing so <u>did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a firearm</u>, in violation of Title 18, United States Code, Sections 2113(a) and (d).

Indictment (#10) (emphasis added). Clearly, the Grand Jury has charged this defendant with armed bank robbery, making it "opaque" which of the divisible elements of Section 2113(a) the government intends to prove. The fact that the indictment charges "intimidation" in the conjunctive is of no moment. What is important under <u>Johnson</u> is that 924(c) provides defendant with fair notice that committing the proscribed underlying criminal act could subject him to liability under 924(c). Clearly, a person committing armed bank robbery will not be surprised when he or she discovers that such conduct also amounts to a violation of § 924(c)(3)(A).

Thus, the predicate offense underlying the § 924(c) charge specifically alleges a crime of violence as defined under § 924(c)(3)(A), making it unnecessary to reach defendant's constitutional argument under § 924(c)(3)(B). <u>Ashwander v. TVA</u>, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("It is not the habit of the court to decide questions of a constitutional

5

nature unless absolutely necessary to a decision of the case."). Defendant's Motion to Dismiss Count Two is, therefore, without merit.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count 2 (#15) is **DENIED**.

Signed: October 21, 2015

Max O. Cogburn Jr.
United States District Judge